IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MEADE COMMUNITIES, LLC | * | |
| | * | Civil Action No. CCB-20-200 |
| v. | * | |
| | * | |
| JAMES WALKER | * | |

**MEMORANDUM**

In this action, the plaintiff, Meade Communities, LLC ("Meade") seeks a judgment for unpaid rent and an order of eviction against the defendant, James Walker. Before the court is Meade's unopposed motion for default judgment. For the reasons stated below, the motion will be denied without prejudice.

**FACTS**

On January 23, 2020, Meade filed a complaint for breach of contract and eviction from federal property against Walker, who resides in a housing unit operated by the plaintiff at a military installation in Fort Meade, Maryland. (ECF 1, Compl. ¶ 3). Meade alleges that Walker failed to pay rent on multiple occasions, owes unpaid rent and late fees in excess of $5,000, and has refused to vacate the property despite Meade's having issued timely written notice to do so. (Id. ¶¶ 8, 19). Meade effected service on Walker on January 28, 2020, and no responsive pleading has been filed. (*See* ECF 7). On February 26, 2020, Meade's request for a clerk's entry of default was granted. (*See* ECF 6). The following day, Meade filed a motion for default judgment.[1] (ECF 7).

Before the court issued a ruling on that motion, the Chief Judge of Maryland's Court of Appeals issued an emergency administrative order in response to the coronavirus pandemic,

---

[1] As of that date, Meade claimed a total amount owed, including attorneys' fees, of $8,773.44. ECF 7, Mot. for Judgment by Default, at 2.

1

staying all eviction proceedings in the state.[2]  Meade indicated it would comply with that order, which remained in effect until July 25, 2020.  Since that time, the Centers for Disease Control and Prevention ("CDC"), a branch of the United States Department of Health and Human Services, promulgated an order under the Public Health Service Act to temporarily halt residential evictions to prevent the further spread of the coronavirus.[3]  The CDC's order is effective through December 31, 2020.

## DISCUSSION

Rule 55(b) provides that where a plaintiff seeks default judgment and the plaintiff's claim is not for a sum certain, the plaintiff "must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  "A court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default as a matter of right."  *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D.Va. 2009); *see also EMI April Music Inc. v. Rodriguez*, 691 F. Supp. 2d 632, 634 (M.D.N.C. 2010) (similar).  In excerising its discretion, courts may consider several factors, including whether matters of substantial public importance are at issue and how harsh an effect a default judgment might have.  *See* 10A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2685 (4th ed. 2020) (listing factors and collecting cases); *see also White*, 618 F. Supp. 2d at 506.

The court finds that it would be unduly harsh in the midst of the ongoing public health crisis to enter a default judgment.[4]  The CDC has determined that a national homelessness crisis

---

[2] COURT OF APPEALS OF MARYLAND, ADMINISTRATIVE ORDER ON SUSPENSION OF FORECLOSURES AND EVICTIONS DURING THE COVID-19 EMERGENCY (Mar. 18, 2020), https://www.courts.state.md.us/sites/default/files/admin-orders/20200318suspensionofforeclosuresevictions.pdf.
[3] Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19, 85 Fed. Reg. 55292 (2020).
[4] In this case, Meade has appealed to the court under Rule 55(b)(2) for an entry of default, and it is within the court's discretion whether to grant or deny the motion.  Though Meade does seek a sum certain of unpaid rent and late fees, Meade also seeks an order of eviction.  An action is either one for a certain sum or it is not, and Rule 55's

could worsen the country's coronavirus outbreak: the United States already has over five million documented cases and over 170,000 deaths due to the pandemic and "evictions threaten to increase the spread of COVID-19 as they force people to move, often into close quarters in new shared housing settings with friends or family, or congregate settings such as homeless shelters." 85 Fed. Reg. 55293, 55296.  Accordingly, the CDC has made it unlawful for a landlord to pursue eviction against any person who provides a declaration affirming he or she (1) has used best efforts to obtain government assistance; (2) meets certain income requirements; (3) is unable to pay full rent due to a loss of income; (4) is using best efforts to make timely payments; and (5) would likely become homeless if evicted.  *See id.* at 55297.

The court notes Meade's prior compliance with Maryland's eviction moratorium, (*see* ECF 11), and asks that Meade once again forbear judgment in light of the ongoing crisis identified by the CDC.  The risk posed to Walker should he be evicted now, and the risk posed to all of those with whom he may come into contact, is potentially great.  The court recognizes that in denying relief today, some hardship and inconvenience to Meade may result.  But the amount sought by Meade in this action is outweighed by the overwhelming public need, as recognized by state and federal government public health officials, to prevent the spread of the coronavirus. Accordingly, because the circumstances weigh in favor of postponing judgment, the court will deny Meade's motion for default judgment without prejudice.

---

procedures are mutually exclusive.  *See Conetta v. Nat'l Hair Care Ctrs., Inc.*, 186 F.R.D. 262, 268 (D.R.I. 1999), judgment aff'd on other grounds, 236 F.3d 67 (1st Cir. 2001).  Thus, because Meade applied to the court for a default judgment, the matter is within the court's discretion.

## CONCLUSION

For these reasons, the court will deny Meade's motion for default judgment without prejudice. Meade may renew its motion either (1) when Meade provides Walker with a notice of the CDC's order and the process required to invoke its protection and a reasonable amount of time to furnish the required declaration or (2) when the CDC order expires. A separate order follows.


| | |
|---|---|
|   9/28/20   |   /S/   |
| Date | Catherine C. Blake |
| | United States District Judge |